Allen Waterman
vs.                    Eq.No.8112
L. F. N. Baldwin et al
December 16, 1926

TANNER, P. J. This is a bill in equity stating that the complainant, by contract with the respondent, Leon Baldwin, built a garage upon land which was in the possession of said Baldwin under an agreement to purchase from Charles H. Lawton, the owner of the legal title; that said Baldwin now refuses to pay for said garage, stating that he is not the owner of the premises, although he had falsely represented to the complainant before the building of the garage that he, Baldwin, was the owner of the premises that said respondent, Leon Baldwin, has assigned said agreement to purchase to his wife, the respondent, Bertha H. Baldwin, who was fully cognizant of the premises; that said agreement to purchase and said assignment were recorded in the City Clerk's office of Cranston, where said premises are situated, on the 16th day of July, 1926; that said agreement also contains the provision that said Leon Baldwin shall have the right to erect a garage upon the above described premises together with a proper center driveway, &c., and said Lawton agrees to reimburse said Baldwin for the cost of said garage and driveway if he, Lawton, does not deliver a warranty deed of said premises at the time specified; that the said respondent Lawton knew that the complainant was erecting said garage but permitted him to do so without informing him as to the true ownership of said premises, thereby assisting said

Leon Baldwin and Bertha Baldwin in perpetrating said wrong; that the bill prays for a decree, first, for an injunction and then for a declaration of the interest of the respondents in said premises, and that the complainant may be decreed to have a lien on said premises for the amount found due him, and for general relief.

This bill is heard upon the demurrer of the respondents, Baldwin.

The first ground of demurrer is that a declaratory decree will not be given except when the bill in equity shows a right to actual relief either immediate or prospective. This claim is correct.

Hanley vs. Wetmore, 15 R. I. 386.

It therefore remains to consider whether any relief, immediate or prospective, is set up in the bill.

The bill next asks for a decree that the complainant is entitled to an equitable lien upon the premises against all the parties.

Equitable liens are of two kinds, express and implied. There is no express equitable lien in this case, since to create an express equitable lien it is necessary that there should be an express agreement between the parties to the effect that some specific property shall be subject to a charge. No such agreement is stated in the bill.

An implied equitable lien, so called, arises where, in a few specified cases, the court determines that it is just and equitable that there should be an equitable lien. As the cases, however, hold, it is not permissible for a chancellor to declare an equitable lien wherever he thinks the circumstances render it fair and equitable that he should do so. He must proceed according to the precedents which confine him to a few specified liens. It is sufficient to say that the respondents Baldwin do not come within any of the specified classes.

The demurrer of the Baldwins must therefore be sustained.

While the respondent Lawton has not demurred, we think it may be useful if we say that we believe the complainant is not entitled to an equitable lien against him. There is an equitable lien given in cases where a person has made improvements upon property in ignorance as to who is the true owner of the property and where the true owner has knowingly permitted him to do this under circumstances where he ought to have notified the complainant of his mistake; but, in the first place, it is only where such a complainant has not been guilty of negligence that he has such a lien. In the present case, the agreement to convey was upon record and the complainant might easily have ascertained the true state of the title.

Haggerty vs. McKenna, 25 N. J. Eq. 48.

Furthermore, the equitable vendees were in possession of the property and were permitted to make improvements under the clause of thet contract in which the equitable vendor agreed to compensate the vendees for any improvements which they might make. We therefore fail to see how the true owner was guilty of any inequitable conduct which would estop him to deny an equitable lien.

In the last place, the authorities seem to limit the right to declare such an equitable lien to cases where the party against whom said lien is declared is himself obliged to seek the aid of equity and submit to the rule that he who seeks equity must do equity.

3rd Pomeroy's Equity, Sec. 1241, p. 2978.

It does, however, seem to us that under said clause of the contract giving the equitable vendees a right to compensation from the equitable vendor in case of failure to deliver the deed, that the complainant may be entitled to subrogation to the rights of the equitable vendees to said reimbursement if it ever becomes due under the terms of said contract.

Demurrer sustained.

For Complainant: Benjamin W. Grim.

For Respondents: Lee & McCanna.